United States District Court
Southern District of Texas
**ENTERED**
October 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CESAR ALEXANDER CORTEZ DIAZ, | § | |
| | § | |
| Petitioner | § | |
| | § | CIVIL ACTION NO. 7:26-cv-418 |
| VS. | § | |
| | § | CRIM. ACTION NO. 7:26-cr-02643 |
| WARDEN, EAST HIDALGO DETENTION CENTER, ET AL., | § | |
| | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION

Petitioner, Mr. Cesar Alexander Cortez Diaz, a federal pre-trial detainee, initiated this action by filing a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release from civil immigration detention on September 11, 2026. (Civ. Dkt. No. 1.) The case was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and LR 72. Petitioner asks this Court to be released from custody during ongoing immigration proceedings. (*Id.* at 1).

Petitioner is not in custody of Respondents. Petitioner is currently detained pending the outcome of his associated criminal proceeding.[1] Thus, this case is not yet ripe for the Court's review.

After a careful review of the record and relevant law, the undersigned recommends that Petitioner's Writ of Habeas Corpus (Dkt. No. 1) be **DENIED** and this matter be **DISMISSED** without prejudice.

[1] *See generally* 7:26-cr-02643; citations to this criminal case will be designated as "Crim. Dkt. No. #".

## BACKGROUND AND PROCEDURAL HISTORY

On or about July 14, 2026, Petitioner was arrested for illegal re-entry in violation of 8 U.S.C. § 1326. (Crim. Dkt. No. 1). Petitioner was previously deported from the United States to Honduras on May 8, 2026. (*Id.*). On July 14, 2026, Border Patrol Agents discovered Petitioner near Rio Grande City, Texas. (*Id.*). Petitioner was ordered to remain detained pending trial on July 16, 2026. (Crim. Dkt. No. 4). He was subsequently indicted on Count I of illegal reentry in violation of 8 U.S.C. § 1326(a). (Crim. Dkt. No. 9). During Petitioner's re-arraignment, he plead guilty to Count I of the indictment without a plea agreement. (*See* Crim Dkt. Re-Arraignment Entry Sept. 17, 2026). At that time, Petitioner was remanded to the custody of the U.S. Marshals. (*Id.*). He remains in the custody of the U.S. Marshals until his sentencing hearing on December 2, 2026. (Crim. Dkt. No. 19).

## SUMMARY OF THE PLEADINGS

Pending before the Court is Petitioner's Writ for Habeas Corpus under 28 U.S.C. § 2241 (Civ. Dkt. No. 1). Petitioner asks to be released during ongoing immigration proceedings. (*Id.* at 1). Petitioner argues he was detained by U.S. Immigration and Customs Enforcement (ICE)[2] officers without notice. (*Id.* at 1–2). He alleges he is currently detained at a detention center in La Villa, Texas. (*Id.* at 2). Petitioner argues this detention "bears no reasonable relationship to any legitimate governmental objective and violates the Due Process Clause of the Fifth Amendment, federal immigration statutes, and controlling Supreme Court precedent." (*Id.*).

Respondents responded by filing their Motion to Dismiss (Civ. Dkt. No. 6) on October 1, 2026. Respondents argue this case is not ripe for adjudication because Respondents do not currently have custody of Petitioner. (*Id.* at 2). The U.S. Marshals, however, have custody of

[2] Petitioner was detained by a Border Patrol Agent. (Crim. Dkt. No. 1).

Petitioner pending an ongoing criminal trial. (*Id.*). Thus, Respondents argue they cannot afford the relief Petitioner requests. (*Id.*). As a result, Respondents argue this case is not ripe, and the Court lacks jurisdiction. (*Id.* at 3).

The Court agrees. The Court will not address any of Petitioner's substantive arguments because it lacks jurisdiction over Petitioner's claim. Petitioner is not in custody of Respondents, but rather, the U.S. Marshals.

## LEGAL STANDARD

Federal courts can grant petitions for writ of habeas corpus by someone who is "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). The purpose of the writ is to challenge the legality of custody and secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The writ of habeas corpus is, historically, an avenue to review "the legality of Executive detention . . . ." *Rasul v. Bush*, 542 U.S. 466, 474 (2004) (citing *INS v. St. Cyr*, 533 U.S. 289, 301 (2001)).

## DISCUSSION

Before addressing the merits of the case, the Court must determine whether it has jurisdiction to review Petitioner's Writ for Habeas Corpus. For the reasons set forth below, the Court does not have jurisdiction to hear the claim.

### I. Jurisdiction

"Article III, § 2 of the Constitution limits the jurisdiction of federal courts to Cases and Controversies, which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Hudson Ins. v. Protective Ins.*, No. 25-CV-2504, 2026 WL 2386470, at *2 (S.D. Tex. July 23, 2026) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013)). Courts have developed justiciability doctrines to clarify "cases and controversies"

including ripeness. *Ahrens v. City of Dallas*, No. 17-CV-1414, 2017 WL5714664, at *3 (N.D. Tex. Nov. 28, 2017) (citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000)). "Ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Abbott Labs v. Gardner*, 387 U.S. 136, 148–49 (1967). Ripeness avoids premature adjudication. *Id.* (citing *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 286 (5th Cir. 2012). "A court should dismiss for lack of 'ripeness' when the case is abstract or hypothetical." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583 (5th Cir. 1987)). The inquiry "focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *Id.* at 897 (quoting *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993)).

*a. Timing under* Zadvydas

The Supreme Court set out a presumptive six-month threshold for immigration authorities to detain a noncitizen subject to a final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After the 6-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

This Court's intervention at this stage is premature. Here, there is no evidence that Petitioner is subject to a deportation order, nor have Respondents detained Petitioner. Petitioner is currently in the custody of the U.S. Marshals.[3] Thus, the 6-month *Zadvydas* timeline has not

---

[3] The Court further has jurisdictional issues because it does not have jurisdiction over Respondent, as the U.S. Marshals have custody over Petitioner. At this stage, Respondents are the incorrect party. *See*

started. Petitioner cannot adequately argue that there is no significant likelihood of removal, because he is not in custody of Respondents. As a result, Petitioner cannot be "released" from ICE custody, if he is not currently at a detention center. Any petition arguing for his release is premature, and not yet ripe for this Court's review. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (citation modified). Petitioner can challenge any potential illegalities of his detention through a writ of habeas corpus when such claim is ripe.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Movant's § 2241 motion (Civ. Dkt. No. 1) be **DENIED**. The undersigned also recommends that Movant's § 2241 motion (Civ. Dkt. No. 1) be **DISMISSED** without prejudice.

### *Certificate of Appealability*

The undersigned recommends that the District Court deny a certificate of appealability (COA). An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability . . . ." 28 U.S.C. § 2253(c)(1)(A). The Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Proceedings 11.[4] Because the undersigned recommends the

---

*Gutierrez v. Garland*, No. 20-CV-141, 2021 WL 2458349, at *2 (S.D. Tex. May 19, 2021) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 432 n.7 (2004) ("A district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the immediate custodian.").

[4] The Rules Governing § 2254 Cases are routinely applied to § 2241 cases. *See Orduna Martinez v. Bondi*, No. 26-CV-280, 2026 WL 475075, at *2 n.3 (W.D. Tex. Feb. 10, 2026) (citing *Oyla v. Garite*, No. EP-25-CV-00083, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025)); *Rivero v. Dir., Krome N. Det. Ctr.*, No. 26-CV-20833, 2026 U.S. Dist. LEXIS 60447, at *1 n.2 (S.D. Fla. Mar. 23, 2026); *Barrios v.*

dismissal of Petitioner's § 2241 action, the Court must address whether Petitioner is entitled to a (COA).

A petitioner is entitled to a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). For claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. For claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasons would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

For the reasons noted, reasonable jurists would not find it debatable that the Court was incorrect in finding that Petitioner's claim is not yet ripe for the Court's review.

Accordingly, it is recommended that the District Court deny a COA.

***Notice to the Parties***

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days after service shall bar an aggrieved party from

---

*Warden of the Cal. City Det. Facility*, No. 26-CV-06315, 2026 WL 2607630, at *2 n.1 (E.D. Cal. Sept. 3, 2026) (collecting cases).

*de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Report and Recommendation to Movant and counsel for Respondent.

**DONE** at McAllen, Texas, this 20th day of October, 2026.

Juan F. Alanis
United States Magistrate Judge